**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>Defendants. | Civil Action No. 1:26-cv-02656 |

**DEFENDANTS' MOTION FOR TELEPHONIC STATUS CONFERENCE**

Defendants U.S. Department of Health and Human Services, Office of the Assistant Secretary for Health, Office of Population Affairs, Robert F. Kennedy, Jr., Brian Christine, and Amy L. Margolis (collectively, "Defendants"), by and through undersigned counsel, respectfully move the Court to schedule a telephonic status conference to address the matters set forth below, including a case schedule. Counsel for Defendants conferred with counsel for Plaintiff Planned Parenthood Federation of America, Inc. ("PPFA") regarding this motion.

PPFA agrees that a status conference is appropriate but does not join this motion. Defendants offer the background below to provide context for the conference. PPFA has indicated it intends to file a response to this motion.

## I. Procedural History and the First-Filed Related Case

This case is a facial challenge to the Notice of Funding Opportunity for Title X Family Planning Services Grants for fiscal year 2027 (the "NOFO"). A first-filed action in the Middle District of Pennsylvania, *National Family Planning & Reproductive Health Association, et al. v.*

*Kennedy, et al.*, No. 1:26-cv-01684-JPW (M.D. Pa.) (the "NFPRHA Action"),[1] challenges the same NOFO.

HHS's Office of Population Affairs ("OPA") first published the NOFO for FY 2027 on April 3, 2026 and issued a revised NOFO that remains operative to date. Application are due January 11, 2027.

Both actions bring facial challenges to the same "agency priority" provisions of the NOFO under the Administrative Procedure Act. Neither turns on plaintiff-specific facts. Each presents pure questions of law to be resolved on the same administrative record. National Family Planning & Reproductive Health Association and the Family Health Council of Central Pennsylvania (together, "NFPRHA") filed the NFPRHA Action on June 18, 2026. *Compare* Compl., ECF No. 1, with Ex. A (copy of NFPRHA Complaint). Like the Plaintiff here, NFPRHA challenges the NOFO's threshold "Alignment Review" process and several of the agency priorities incorporated into the NOFO. NFPRHA moved for summary judgment or, in the alternative, a preliminary injunction, on July 2, 2026. In light of a revised NOFO, NFPRHA filed an amended complaint, on July 13, 2026, and a summary judgment motion two days later. Following telephonic status conferences on July 9, 2026, and July 16, 2026, the court entered a scheduling order directing Defendants to file the administrative record by July 31, 2026, and set a schedule culminating in oral argument on September 11, 2026. *See* NFPRHA Action, ECF No. 42. On Defendants' unopposed motion, the court modified that order on July 30, 2026, to permit Defendants to file a motion to dismiss on ripeness grounds by July 31, 2026, alongside the administrative record, with

---

[1] Citation to the docket in the NFPRHA Action will be prefaced with "NFPRHA Action, ECF No. ___." Otherwise, citations to ECF Nos. shall refer to the docket in this action.

merits briefing to proceed on the schedule previously set. *See* NFPRHA Action, ECF No. 44. Briefing is underway.

PPFA filed this action on July 28, 2026—nearly four months after OPA published the NOFO, six weeks after NFPRHA filed the first challenge, and twelve days after the M.D. Pa. court set its expedited schedule.

## II. This Matter and the Parties' Positions

Defendants have conferred with PPFA regarding the overlap between this action and the NFPRHA Action, potential consolidation, and a case schedule.[2] While the Parties did not agree on how the case should progress, Defendants agreed to promptly produce the administrative record in this case by August 14, 2026, per PPFA's request and did so.

In brief, PPFA proposed briefing summary judgment with opening briefs due September 14, 2026, and briefing to conclude on October 19, 2026. Defendants maintain the Court should address Defendants' forthcoming motion to dismiss (which will present the same threshold ripeness defect at issue in the first-filed action) first before requiring the Parties to brief the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (holding jurisdictional issues must be addressed first). Defendants further maintain that this action should be stayed pending resolution of the NFPRHA Action.

Principles of comity and sound judicial administration counsel against simultaneous litigation of the same legal questions in two districts. *See Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980); *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The two cases are materially identical: both are facial challenges to the same provisions of the

[2] During the parties' conferral, Defendants raised the possibility of PPFA intervening in the NFPRHA Action so that the parties' overlapping challenges could be resolved efficiently in a single proceeding.

same NOFO, and present common legal questions on the same administrative record. Parallel proceedings would duplicate litigation of common issues, waste judicial and party resources, and create the risk of inconsistent rulings on the lawfulness of the same agency action. Nor would PPFA be bound by an adverse ruling in the first-filed action, meaning PPFA's proposal would require Defendants to brief the same questions twice regardless of the outcome there, without the benefit of that court's ruling.

Nor is there any urgency requiring parallel adjudication: applications are not due until January 11, 2027, and the first-filed action will be argued on September 11, 2026—before briefing would start under PPFA's proposal. PPFA has not explained why the same legal questions should be briefed simultaneously in two districts rather than resolved in the first-filed action.[3]

## III. Conclusion

Defendants respectfully request that the Court set a telephonic status conference to discuss how this litigation should proceed. A proposed order is attached. Undersigned counsel for Defendants is available for a telephonic status conference on any date after August 19, 2026, at the Court's convenience.

---

[3] NFPRHA has requested a ruling by October 13, 2026. *See* NFPRHA Action, ECF No. 40-6, ¶ 61 (Plaintiffs' Decl.).

Respectfully submitted,

August 17, 2026

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ Matthew C. Zorn*

MATTHEW C. ZORN, Texas Bar #24106625
Senior Counsel to the
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Counsel for Defendants

**CERTIFICATE OF CONFERENCE**

Pursuant to LCvR 7(m), I, Matthew C. Zorn, certify that Defendants met and conferred with Plaintiff's counsel concerning this motion, and Plaintiff agrees that a status conference is appropriate but does not join this motion.

*/s/ Matthew C. Zorn*
MATTHEW C. ZORN
Senior Counsel to the
Associate Attorney General

Date: August 17, 2026