**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES et al.,<br><br>*Defendants.* | Civil Action No. 1:26-cv-02656 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR TELEPHONIC STATUS CONFERENCE**

PPFA agrees that a telephonic status conference is appropriate to set a schedule to ensure that the claims raised in its complaint can be adjudicated meaningfully in advance of Defendants' January 11, 2027, deadline to apply for Title X funding, so that PPFA's members have a fair opportunity to prepare competitive applications that will be assessed using lawful standards by Defendants. Defendants' motion is otherwise meritless.

Beyond a telephonic status conference, it is not clear what Defendants are asking for. They reference the "first-to-file" doctrine, Defs.' Mot. at 3, but that rule does not apply here. As then-Judge Jackson explained, "the first-filed rule has a long, distinguished pedigree in this Circuit, and it is deemed to apply only when 'two cases *between the same parties* and *on the same cause of action* are commenced in two different Federal courts.'" *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 138 (D.D.C. 2017) (alterations omitted) (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980)). Not only are the plaintiffs in this case and *National Family Planning & Reproductive Health Ass'n v. Kennedy*, No. 1:26-cv-01684-JPW (M.D. Pa.) (the "NFPRHA Action") different, but their substantive claims and arguments

diverge as well. PPFA challenges portions of the NOFO that NFPRHA does not challenge, and vice versa. *Compare, e.g.*, Compl. ¶¶ 87-99, 211-213 (challenging Marriage & Parenthood Counseling Priority), *with* ECF No. 18-1 (not expressly challenging this priority). And while both PPFA and NFPRHA assert claims under the Administrative Procedure Act, only PPFA brings a Spending Clause challenge. *Compare* Compl. ¶¶ 181-210, *with* ECF No. 18-1 ¶¶ 147-163. "This all means that the instant action" and the NFPRHA Action "are far from being substantially the 'same case,' as is necessary for the first-filed rule to apply." *Nat'l Indus. for Blind*, 296 F. Supp. 3d at 139.

Whether based on the (inapplicable) first-to-file rule or otherwise, Defendants also appear to request a stay of this case pending an unspecified milestone in the NFPRHA Action. They are free to make that motion, and PPFA will respond on the merits. But an application for a telephonic status conference is an inappropriate and inadequate vehicle to make that drive-by request. "[I]t is well established that a stay pending the resolution of unrelated legal proceedings is an extraordinary remedy" granted "[o]nly in rare circumstances." *Nat'l Indus. for Blind*, 296 F. Supp. 3d at 137 (quotation marks omitted). "Hardship to the parties and benefits to judicial economy are the key interests to consider in evaluating a motion for a stay." *Id.* These factors counsel against a stay. The government has already produced the Administrative Record, and the fact that Defendants would need to file partially overlapping briefs in different cases addressing partly distinct claims against distinct plaintiffs is not a hardship for stay purposes. *See* Defs.' Mot. at 3-4. PPFA, in contrast, will be severely prejudiced by significant delay. The clock ticks daily toward the grant application deadline. OPA is slated to provide a technical-assistance webinar for applicants on November 9, 2026, ahead of the submission deadline of January 11, 2027. *See* Compl. ¶ 55. Delaying the resolution of this case—whether through staggered briefing or a stay—

would threaten irreparable harm to PPFA's members by raising the serious possibility that this case will not be resolved until after the January 11, 2027, deadline. The law does not require PPFA to face this risk. *See Nat'l Indus. for Blind*, 296 F. Supp. 3d at 142-143 (denying stay request given "considerable uncertainty regarding whether or not the [other court would] actually reach the legal issue that [was] common to these cases" and, even if it did, the other case was "unlikely to resolve all of the issues that [these p]laintiffs raise[d]").[1]

When not gesturing at a stay, Defendants urge a staggered briefing schedule, with motion-to-dismiss briefing first, followed by cross-motions for summary judgment. *See* Defs.' Mot. at 3. Defendants cite *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), for the proposition that the schedule should accommodate Defendants filing a motion to dismiss before summary judgment. *Id.* But *Steel Co.* requires no such thing—it governs the order of decision, not the order of briefing. Just last year, another court in this District directed the defendants (HHS and Secretary Kennedy) simultaneously to file their motion to dismiss and their opposition to the plaintiffs' motion for summary judgment. *See Planned Parenthood of Greater N.Y. v. U.S. Dep't of Health & Hum. Servs.*, No. 1:25-cv-02453, 2025 WL 2840318, at *7 n.4 (D.D.C. Oct. 7, 2025). And in the NFPRHA Action, Defendants filed their motion to dismiss on July 31 and their opposition to plaintiffs' motion for summary judgment on August 6; the Court set oral argument on all the motions for the same day. There is no reason that a parallel briefing structure could not be set in this case, too.

[1] The government's proposal that PPFA should intervene in the NFPRHA Action is not viable. *See* Defs.' Mot. at 3 n.2. For the reasons given here, which PPFA can expand on as relevant in future briefing, PPFA has its own interests and intends to litigate its unique set of claims in this action to ensure that PPFA's members have a full and fair chance to compete for Title X funding for FY 2027 and be evaluated for it under lawful standards.

As PPFA has explained to the government and it has not contested, there is no need for further factual development before summary judgment. PPFA wishes to avoid burdening the Court and Defendants with a motion for a preliminary injunction where there is no reason to delay adjudication on the merits. With this objective in mind (and as conveyed to Defendants during a meet-and-confer on August 10, 2026), PPFA proposes the following schedule for simultaneous briefing. If the Court is disinclined to order simultaneous briefing, PPFA intends to move for summary judgment imminently in order to fully protect its rights and those of PPFA's members.

PPFA's MSJ and any cross motion – September 14, 2026

Simultaneous opposition briefs – October 5, 2026

Simultaneous replies – October 19, 2026

Counsel for PPFA is available at the Court's convenience.

August 18, 2026

Respectfully submitted,

/s/ Alan E. Schoenfeld

ALAN E. SCHOENFELD (DC BAR NO. 1725277)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(202) 663-6000
alan.schoenfeld@wilmerhale.com

DEEPA ALAGESAN (D.D.C. BAR NO. NY0261)
CAMILA VEGA (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION
OF AMERICA, INC.
123 William Street
New York, NY 10038
(212) 541-7800
deepa.alagesan@ppfa.org
camila.vega@ppfa.org

SOFIA BROOKS (*pro hac vice*)
CHRISTOPHER R. STEVENSON (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
sofie.brooks@wilmerhale.com
chris.stevenson@wilmerhale.com

PAUL R.Q. WOLFSON (DC BAR NO. 414759)
CARRIE Y. FLAXMAN (DC BAR NO. 458681)
ROBIN F. THURSTON (DC BAR NO. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
pwolfson@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

LEAH FUGERE (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave, Suite 2400
Los Angeles, CA 90071
(213) 443-5300
leah.fugere@wilmerhale.com

*Attorneys for Plaintiff Planned Parenthood Federation of America, Inc.*