# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES et al.,<br><br>*Defendants*. | Civil Action No. 1:26-cv-02656 |

**DECLARATION OF AMANDA SKINNER**

1. I, Amanda Skinner, am the President and CEO at Planned Parenthood of Southern New England (PPSNE), a not-for-profit corporation that provides high-quality, affordable sexual and reproductive health care through 15 health centers across two states. I have been employed at PPSNE since 2017.

2. PPSNE is also a member of Planned Parenthood Federation of America, Inc. ("PPFA"), the Plaintiff in this lawsuit, as identified in the Declaration of Regan Clawson, ECF No. 26-4, ¶ 36.

3. I submit this declaration in support of PPFA's motion for summary judgment. This declaration is based on my personal knowledge, a review of PPSNE's business records, and the knowledge I have acquired in the course of my career. If called and sworn as a witness, I could and would testify competently thereto.

4. PPSNE has operated a Title X project in Connecticut as a direct grantee since Title X's inception. PPSNE also operates a Title X project in Rhode Island. Title X funding is an

important part of PPSNE's budget, and without it, our ability to serve patients in Connecticut and Rhode Island would be significantly compromised.

5. When PPSNE applied for Title X funding for the grant cycle beginning in 2022, PPSNE was awarded approximately $1.9 million in annual Title X funding for a five-year grant period. Title X funding supports PPSNE's provision of family planning services to approximately 45,000 patients each year, regardless of their ability to pay. Without Title X funding, PPSNE would be unable to provide the same level of low- and no-cost family planning services to patients who are unable to pay the full cost of their care.
6. PPSNE intends to apply for Title X funding again for the grant cycle beginning in 2027 so that it can continue to provide low- or no-cost family planning services to its patients in Connecticut and Rhode Island.
7. I have read and am familiar with the July 2026 Notice of Funding Opportunity for Fiscal Year 2027 Title X Family Planning Services Grants at issue in this lawsuit (the "NOFO").
8. I have also read the Declaration of Regan Clawson submitted in support of Plaintiff's motion for summary judgment in this case. This declaration reflects my two main concerns with the NOFO.
9. First, PPSNE will be at a competitive disadvantage because aligning with several of the NOFO's stated priorities will require us to depart from PPSNE's mission, established approach to patient care, evidence-based best practices, and/or our understanding of applicable legal and Title X program requirements. For example, PPSNE provides patients with access to a broad range of medically approved contraceptive methods and supports each patient in selecting the method, if any, that best meets their individual needs, preferences, and reproductive goals. We are at a competitive disadvantage under the

NOFO's requirement to demonstrate alignment with reducing "overmedicalization" while promoting fertility-awareness-based methods because altering how we present or prioritize contraceptive options would be inconsistent with our patient-centered approach to care and Title X requirements concerning access to a broad range of family planning methods and voluntary, client-centered care.

10. With respect to the NOFO's priorities relating to marriage, childbearing, and family formation, PPSNE's counseling is guided by each patient's individual circumstances and reproductive goals. We do not counsel patients toward marriage, childbirth, or a particular family structure unless those subjects are relevant to the patient's own goals. We would thus be at a disadvantage under the NOFO's requirement to align our proposed Title X project with priorities favoring particular decisions concerning marriage, childbearing, or family formation.

11. With respect to the NOFO's priority concerning "respecting biological reality," PPSNE provides care to patients of different gender identities and expressions, and our policies and practices are designed to provide respectful and inclusive care without discrimination, consistent with applicable legal requirements. The NOFO's requirement to demonstrate alignment with this priority places PPSNE at a competitive disadvantage because denial of gender identity is inconsistent with PPSNE's mission and understanding of our legal obligations.

12. Second, the Challenged Criteria and requirement to align with the OASH and HHS priorities are unclear. PPSNE does not know how to reconcile conflicts between the priorities and the rules governing the Title X program, or even whether some of the priorities apply to the program. This lack of clarity not only impacts PPSNE's ability to

prepare a competitive application, but puts PPSNE at risk of incurring penalties for noncompliance, even if PPSNE is ultimately awarded funding under the NOFO. We do not know what standards we will be held to during and beyond the application process.

13. PPSNE is unable to obtain more guidance as to these Priorities, or as to any of the Challenged Criteria. Our Title X program officer has told us they cannot speak to us about the NOFO. And staff that have attended the Webinar in the past have been told it is not a place to ask substantive questions about what the program requires.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________

Amanda Skinner

Executed on October 22, 2026.